Dear Mr. LeBlanc:
This office is in receipt of your request for an opinion of the Attorney General in regard to validity of a donation of public land that the City of Gretna has declared is no longer needed for public use. You indicate that the property in question is an old gymnasium which is in disrepair, and is being leased by the Boys and Girls Club of Gretna. The Boys and Girls Club wishes to obtain the building and make the necessary improvements.
In connection with your request you point out that 60% to 65% of the youth participating in the Club are underprivileged and needy. You further state that the goal of the Boys and Girls Club is "to enable each youth to achieve their maximum potential as human beings", while the Club's mission statement is "to insure and enhance the quality of life for youth as participating members of a richly diverse urban society."
You recognize that the Constitution permits municipalities to donate public funds to programs established to serve the underprivileged and needy. You maintain that the Boys and Girls Club is directed towards helping a large portion of needy and underprivileged. Accordingly, you ask whether a donation by the City of Gretna of the property, which has been declared no longer needed for public use, would fall within La. Const., Art. VII, Sec. 14(A) (B), that allows municipalities to donate public funds to programs established to serve the underprivileged and needy.
Article VII, Sec. 14 La. Const., provides in pertinent part, as follows:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private * * *.
 (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; * * *.
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
In Atty. Gen. Op. No. 96-291 this office found that the exception in Paragraph (B) of Section 14 that permits expenditure of public funds for aid of the needy is operative "as long as those assisted through such a program are screened pursuant to objective criteria to insure that they are, in fact, needy." Atty. Gen. Op. No. 77-310 is quoted as concluding that a city may make contribution of public funds to private corporations engaged in providing services to youth organizations and to the elderly, some of whom are classified as needy through programs of social welfare.
Thus, to qualify as a program of social welfare for the aid and support of the needy and to fall within Paragraph (B) it is required that those assisted through the program must be screened pursuant to objective criteria to insure they are in fact needy.
However, that opinion further observed that the Village was clearly authorized to develop and administer recreational programs and facilities within its jurisdiction, and the Articles of Incorporation of the Association reflected its corporate purpose was to promote education, culture and recreations for the citizens of Robeline. Therefore, it was found the Village could carry out its authority under "a cooperative endeavor agreement" whereby the Village funds are appropriated to the Association in return for the latter's commitment to assist the Village in implementing its recreational program, including programs of social welfare.
Support for the entering into a cooperative endeavor was based upon the following Attorney General Opinions:
 1. The Village of Robeline can enter into a cooperative endeavor agreement with the Robeline Recreation Association, Inc., and pursuant thereto, contribute to the cost of the installation and maintenance of lighting fixtures to be placed around a baseball/softball park owned by the Association. Attorney General Opinion No. 96-210.
 2. Town of Olla can make improvements to an existing ball field located within town limits, but owned by a recreation district under the Town's broad authority to develop and administer recreational programs and facilities. Attorney General Opinion No. 96-185.
 3. A municipality may enter into a cooperative endeavor agreement with a Parent-Teacher Association under which the Town will purchase an air-conditioning unit to be placed in a junior high school which is frequently used to hold public meetings. Attorney General Opinion No. 80-1057.
In regard to establishing a cooperative endeavor this office made the following observation:
 Care should be taken to insure that the cooperative endeavor agreement clearly reflects (1) the reciprocal rights and duties of each party, (2) the nature and description of the public benefit to be derived therefrom and (3) that the public benefit created is proportional to the expenditure made by the Village. Further, as previously noted, assistance to children from low to moderate income families must be based upon a systematic program of objective criteria to insure that the individuals assisted are truly needy.
The threefold test for cooperative endeavors to be deemed valid is that the expenditure of public funds must be based upon a legal obligation or duty, it must be for a public purpose, and it must create a public benefit proportionate to its cost. The threshold requirement is the presence of a legal obligation to transfer the funds or property. The City must have a legal duty consistent with that of the Boys and Girls Club "to enhance the quality of life for youth as participating members of a richly diverse urban society." Additionally, the transfer must be for a public purpose whereby the value to the public is proportionate to the value of the property being transferred.
The significance of this requirement was recognized by this office in Atty. Gen. Op. No. 95-109:
 In other words, to allow unrestricted expenditures of public funds by any and all political subdivisions, public agencies, entities or officers, as long as those entities or persons can imagine some species of "public good" or "public benefit" resulting therefrom, would be to authorize a fragmentation and incoherence in fiscal policy at all levels of state government. This, Article VII, Sec. 14 seeks to prevent by requiring a valid legal authority (even at the contractual level) for the alienation of public funds.
Therefore, it appears the questions to be answered are whether the City of Gretna is vested with authority to develop programs to enable its youth to achieve their maximum potential, does this serve a public purpose, and will the benefit to the public be proportionate to the value of the property being transferred. If the questions can be answered in the affirmative, the donation of the property to the Boys and Girls Club would be valid as a cooperative endeavor.
We hope this sets forth sufficient guidelines for you to determine whether there can be a cooperative endeavor, or if there is an objective criteria to establish, in fact, that the needy are aided by the Club's program as a program of social welfare.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _______________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR